UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDMANUEL LOPEZ ROMAN

     Plaintiff,

v.                                    Case No. 2:21-cv-00057-NPM

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____

## ORDER

Plaintiff Edmanuel Lopez Roman requests a fee award pursuant to EAJA, 28 U.S.C. § 2412(d).

On February 3, 2022, the Commissioner sought remand. (Doc. 24). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 25). Final judgment was entered the next day. (Doc. 26). Now, Lopez requests an attorney's fee award of $7,785.21. (Doc. 27, p. 1).

To receive an award of fees under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been

substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

The reasonable hourly rate is "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rate must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Lopez requests hourly rates of $207.35 for the year 2020, $212.51 for the year 2021, and $226.34 for the year 2022 (Doc. 27, p. 8), which are unchallenged by the Commissioner. The requested hourly rates are reasonable. However, upon review of the services provided, the request for 36.5 hours expended by plaintiff counsel is not. (Doc. 27, pp. 11-13).

Notably, the Commissioner voluntarily remanded this action before any briefing was submitted to the court. But in a similar action litigated in this division, the court recently found 38 hours of attorney time reasonable when the matter was fully briefed, the parties litigated objections to the magistrate judge's report and recommendation, and the plaintiff prepared and filed a fee-and-cost motion pursuant to EAJA. *See Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 4261216 (M.D. Fla. Sept. 20, 2021). As in *Tumlin*, so too here, the time spent modifying a boilerplate EAJA petition should be reduced from 2.5 hours to 1 hour.

At most—and based upon a close examination of the attorneys' time records—a reasonable amount of attorney time for what transpired here is 35 hours. *See Porco v. Comm'r of Soc. Sec.*, No. 2:21-cv-32-JLB-NPM, 2022 WL 396318 (M.D. Fla. Jan. 25, 2022) (citing *Tumlin*), *report and recommendation adopted*, 2022 WL 394394 (M.D. Fla. Feb. 9, 2022); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Thus, based on the reasonable

amount of attorney time and reasonable hourly rate, the loadstar amount is $7,445.70.[1]

Accordingly, the unopposed petition for attorney's fees under EAJA (Doc. 27) is **GRANTED IN PART** and the court awards $7,445.70 in attorney's fees. The fee award may be paid directly to counsel, if the United States Department of Treasury determines that no federal debt is owed by Lopez. (Doc. 27, p. 14).

Ordered on July 14, 2022.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] In coming to this amount, this order simply deducts 1.5 hours from work done in 2022; namely, the preparation of the EAJA petition.